1  Richard J. Grabowski (State Bar No. 125666)
   rgrabowski@jonesday.com
2  Cheryl L. O'Connor (State Bar No. 173897)
   coconnor@jonesday.com
3  Brianne J. Kendall (State Bar No. 287669)
   bkendall@jonesday.com
4  JONES DAY
   3161 Michelson Drive
5  Suite 800
   Irvine, CA  92612.4408
6  Telephone:  +1.949.851.3939
   Facsimile:   +1.949.553.7539

Attorneys for Plaintiff
CONSUMERINFO.COM, INC. DBA
EXPERIAN CONSUMER SERVICES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMERINFO.COM, INC. dba EXPERIAN CONSUMER SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>ESTEBAN LEON; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No. 8:16-cv-01261 DOC (KESx)**<br><br>**Honorable David O. Carter**<br><br>**JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANT ESTEBAN LEON [55]** |

The Court, pursuant to the Stipulation To Final Judgment of Permanent Injunction ("Stipulation") between Plaintiff ConsumerInfo.com dba Experian Consumer Services ("Experian"), on the one hand, and Defendant Esteban Leon ("Leon"; Experian and Leon are collectively "the Parties"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a Permanent Injunction shall be and hereby is entered against Leon as follows:

## JURISDICTION

1. This case involves Experian's claims of federal Misappropriation of Trade Secrets under the Defend Trade Secrets Act (18 U.S.C. § 1836(b)), violation of California Penal Code § 502(c), third party beneficiary breach of contract, trespass to chattels, and Unfair Business Practices pursuant to California Business & Professions Code §17200.

2. This Court has personal jurisdiction over Leon because he resides in this District and this District is where a substantial part of the events giving rise to the claims occurred.

3. This Court has subject matter jurisdiction over this matter, under 28 U.S.C. §§ 1331 and 1338, in that it is a civil action arising under the laws of the United States, specifically 18 U.S.C. § 1836(b). This Court has supplemental jurisdiction over the claims asserted under the laws of California pursuant to 28 U.S.C. § 1367(a).

## FINDINGS OF FACT

Pursuant to a Confidential Settlement Agreement, Experian and Leon have stipulated to the following facts, which are hereby adopted by the Court:

4. Experian is a corporation organized and existing under the laws of California. Experian's principal place of business is in the County of Orange, in the State of California.

5. Leon is an individual residing in the County of Orange, in the State of

California.

6. Experian delivers online credit reports, scores, and monitoring products directly to consumers over the Internet. As a means to deliver the array of consumer products that Experian offers, Experian has spent millions of dollars in the development and implementation of programming code for a new e-commerce platform for the myriad of direct to consumer websites operated by Experian. The undertaking to create and implement this platform is known internally as Project Corvette.

7. In June 2014, Experian contracted with vendor Tallan, Inc. ("Tallan") to provide, among other services, software engineers to assist with execution of tasks on the Project Corvette team. Between January 2015 and June 2016, Tallan deployed Leon to serve as a software developer on the Corvette Project team. As a member of the team, Leon held a position that required him to have access to and become familiar with Experian's confidential and proprietary information. That information included Experian's JavaScript code, Experian's source code, and Experian's utilities code for Project Corvette. To permit access to Experian's highly confidential information, it provided Leon an electronic access key that contained a unique code specific to Leon. The unique electronic security key must be used to access the Project Corvette JavaScript code hosted on the Amazon Web Services ("AWS") account.

8. In July 2016, Leon disclosed certain Experian confidential and proprietary information and the AWS electronic access key Experian provided to him on a public website known as www.GitHub.com ("GitHub"). Although Leon removed the information and access key from the GitHub website and did not retain the information or access key, while posted on GitHub, this information and access key were available to the public for a period of multiple days.

9. The Parties stipulated and agreed that Experian's injury was

irreparable, that Experian has no adequate remedy at law for the public disclosure of its information and access key, that the balance of hardships favors Experian, and that the public interest would not be disserved by a permanent injunction.

10. Upon entry of this Permanent Injunction against Leon, the case shall be dismissed in its entirety, with prejudice.

11. This Court maintains jurisdiction to enforce the terms and conditions of the Confidential Settlement Agreement and the Permanent Injunction against Leon.

## LEGAL AUTHORITY

12. Pursuant to the California Penal Code § 502(e)(1), California Business and Professions Code § 17203, and Misappropriation of Trade Secrets under the Defend Trade Secrets Act (18 U.S.C. § 1836(b)(3)(A)), the Court has the power to issue injunctive relief.

13. Experian and Leon have stipulated to the above findings of fact as well as to entry of a permanent injunction against Leon. Stipulations between parties are generally adopted by courts and "are not to be lightly set aside." *Dexter v. Kirschner*, 984 F.2d 979, 984 (9th Cir. 1992) (*citing In re Lenox*, 902 F.2d 737, 739 (9th Cir. 1990)). In particular, "[w]hen parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established." *U.S. v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976) (*citing Schlemmer v. Provident Life & Accident Ins. Co.*, 349 F.2d 682, 684 (9th Cir. 1965)). Stipulations entering injunctions are typically upheld. *See, e.g., Cree, Inc. v. Shelter Int'l, Inc.*, No. 2:15-cv-09738-RSW-LA-GRX, 2016 WL 4939107 (C.D. Cal. Sept. 13, 2016) (entering permanent injunction based on stipulation of the parties); *see also United States v. Wasserman*, No. CV 14-04972-R-PLA, 2014 WL 3767047 (C.D. Cal. June 27, 2014) (same); *see also Bowles v. Dodge*, 141 F.2d 969, 970 (9th Cir. 1944) (injunction upheld where law provided for entry of a permanent injunction and

parties stipulated to the facts and form of the injunction).

## PERMANENT INJUNCTION

14. This Permanent Injunction is based on the findings of fact and conclusions of law as stated above. Leon, his agents, servants, employees, and attorneys, and all persons who are in active concert or participation with him are enjoined from the unauthorized use, duplication or distribution of Experian's JavaScript code, Experian's source code, Experian's utilities code; and the copying and facilitating or encouraging the copying of Experian JavaScript code, Experian's source code or Experian's utilities code, including that Leon is specifically prohibited from:

(a) uploading or posting any Experian's JavaScript code, Experian's source code, or Experian's utilities code on any website, server, database, or domain, whether public or private;

(b) disclosing any Experian's JavaScript code, Experian's source code, or Experian's utilities code to any other person or entity, including but not limited to, his current employer Spireon, Inc.;

(c) using or attempting to use any Experian's JavaScript code, Experian's source code, Experian's utilities code in any way for any purpose, commercial or otherwise; and

(d) disclosing, using, or attempting to use the Experian AWS electronic access keys assigned to him during his employment with Tallan and assignment to Experian.

15. The Court finds that no bond is required.

16. This Permanent Injunction shall be deemed to have been served upon Leon the time of its execution by the Court.

17. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Federal Rule of Civil Procedure 54(a), the

Court directs immediate entry of this Permanent Injunction against Leon.

## NO APPEALS AND CONTINUING JURISDICTION

18. No appeals shall be taken from this Permanent Injunction, and the Parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of the Confidential Settlement Agreement and this Permanent Injunction.

## NO FEES AND COSTS

19. Experian and Leon shall each bear their own attorneys' fees and costs incurred in this matter.

## DISMISSAL

20. The Court hereby dismisses this action with prejudice in its entirety upon entry of this Permanent Injunction against Leon.

IT IS SO ORDERED, ADJUDICATED and DECREED this 26th day of February, 2018

*David O. Carter*
DAVID O. CARTER
United States District Judge

NAI-1503292482v3